# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| JAMIE MICHELLE CUSKEY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-18-825-SM |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Jamie Michelle Cuskey (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Docs. 8, 12.

After a careful review of the record (AR), the parties' briefs, and the relevant authority, the court reverses the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record will refer to its original pagination.

I.  **Administrative determination.**

   A.  **Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [her] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

   B.  **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 19-29; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since July 8, 2015, the amended onset date;

(2) had the severe impairments of schizophrenia/unspecified psychosis-not otherwise specified, Tourette's syndrome, and post-traumatic stress disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] for the full range of medium, light, and sedentary exertion work, with various additional restrictions;

(5) could perform her past relevant work as a janitor and assembly worker;

(6) could also perform jobs that exist in significant numbers in the national economy, such as small product assembler, electric assembly, table worker, and production worker; and so

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

had not been under a disability as defined by the Social Security Act, from July 8, 2015 through October 16, 2017.

AR 22-34.

### 2. Appeals Council's findings.

The SSA's Appeals Council denied Plaintiff's request for review, so the ALJ's unfavorable decision is the Commissioner's final decision here. *Id.* at 1-4; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." and means "only" "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lax*, 489 F.3d at 1084; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

B.  **Issues for judicial review.**

Plaintiff brings three claims of error: (1) the ALJ's RFC regarding Plaintiff's mental impairments is not supported by substantial evidence; (2) the ALJ's step-four determination is legally flawed; and (3) the Commissioner failed to sustain his burden at step five. The court agrees the ALJ's RFC assessment requires remand so it will not address Plaintiff's remaining claims of error, "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

III. **Analysis.**

A.  **The RFC's non-exertional limitations.**

The ALJ determined the following RFC assessment:

Jamie Michelle Cuskey was 37 years 2 months of age on the date of the last prior application denial (April 16, 2014) (she is currently 40 years of age . . .) with a high school education (1995) with past relevant work identical to that identified by the vocational expert in this case to include that of a janitor (DOT Code # 381.687-018) and assembly worker (DOT Code # 706.684-042). She is able to perform a full range of medium, light, and sedentary exertion work. She is unable to climb ropes, ladders, and scaffolds, and is unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. She is able to understand, remember, and carry out simple instructions in a work-related setting. She is able to interact with co-workers and supervisors, under routine supervision. She can interact with the general public [no] more than occasionally, regardless of whether that interaction is in person or over a telephone. She is afflicted with symptoms from a variety of sources to include moderate intermittent pain and fatigue, and allied disorders, all variously described, that were of sufficient severity so as to be noticeable to her at all times, but nevertheless is able to remain

> attentive and responsive in a work-setting and would be able to perform work assignments within the above-cited limitations.

AR 24-5 (italics omitted).

Plaintiff first argues the ALJ did not account for his finding of Plaintiff's moderate limitations in concentration, persistence, or pace. Doc. 16, at 7. As the Commissioner points out, the ALJ's RFC and hypotheticals included various limitations. Doc. 22, at 5; AR 24-5 ("She is able to understand, remember, and carry out simple instructions in a work-related setting. She is able to interact with co-workers and supervisors, under routine supervision. She can interact with the general public [no] more than occasionally, regardless of whether that interaction is in person or over a telephone."); AR 70-71.

Each job the vocational expert identified was unskilled and correlated with the SVP of 2. AR 71-2. SVP is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *Dictionary of Occupational Titles* ("DOT"), Appendix C. This limitation "adequately took into account [Plaintiff's] moderate limitations in concentration, persistence and pace." *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015). Plaintiff's argument on this ground fails.

Next, Plaintiff maintains the RFC ignored her inability to understand, remember, and carry out detailed instructions and to interact with the general public. Doc. 16, at 8. The ALJ gave some weight to the opinions of the State agency physicians' opinions, both of which opined Plaintiff was markedly limited in the ability to understand, remember, and carry out detailed instructions and could not relate to the general public. *Id.* (citing AR 86, 95, 108-09, 120-21).

Plaintiff is correct that each of the jobs the vocational expert identified at steps four and five each required the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Id.*; Doc. 25, at 3. And that the RFC noted "[s]he is able to understand, remember, and carry out simple instructions in a work-related setting." AR 24-5. The ALJ chose the representative jobs because the vocational expert testified that a person with the RFC later attributed to Plaintiff could perform them.

A limitation to simple work is consistent with level-two reasoning. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (stating that a limitation to simple and routine work tasks "appears more consistent" with level-two reasoning than with level-three reasoning); *see also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (holding that a limitation to simple,

7

repetitive work was "consistent with the demands of level-two reasoning"). But the Tenth Circuit has *not* determined whether a limitation to detailed but uninvolved *instructions* is consistent with level two reasoning. *See Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016) ("[W]e have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions[.]").

The main question for the court, then, is whether the reasoning levels required by these jobs (as defined in the DOT) match the mental limitations identified in Plaintiff's RFC (as the vocational expert testified they did). If they do, then the court will affirm the ALJ's decision. If they do not, the court must ask an additional question—whether the ALJ asked the vocational expert about the apparent conflict between the jobs identified for Plaintiff and her capacity to do them. If a conflict exists and the ALJ investigated and resolved that conflict, the court will affirm. But if a conflict exists that the ALJ did not investigate and resolve, the court will reverse for his failure to ask the vocational expert to reconcile that conflict. *Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir. 1999) (holding that "the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability"); *see also* SSR 00-4p, 2000

WL 1898704 at *4 (Dec. 4, 2000) ("When vocational evidence provided by a [vocational expert] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the [vocational expert] evidence to support a determination or decision that the individual is or is not disabled.").

The Court is not a vocational expert. And its review is limited. *See Wall v. Astrue,* 561 F.3d 1048, 1052 (10th Cir. 2009). So long as the ALJ fulfilled his duty to develop the record by inquiring of the vocational expert whether his answers were consistent with the DOT, the court will not disturb his decision. *See* SSR 00-4p, 2000 WL 1898704, at *4 ("When a [vocational expert] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the DOT."); *see also Ray v. Comm'r*, No. CIV-18-638-SM, 2019 WL 1474007, at *4-5 (W.D. Okla. Apr. 3, 2019) (finding "the ability to carry out detailed but uninvolved written or oral instructions—does not conflict with Plaintiff's RFC limitation to carrying out simple work-related instructions and tasks," in a case where "[t]he vocational expert stated her testimony was consistent with the [DOT]" (internal quotation marks omitted)); *Northcraft v. Berryhill*, No. CIV-16-1476-R, 2018 WL 1115213, at *2 (W.D. Okla. Mar. 1, 2018) (finding that the plaintiff

who had "marked difficulties understanding, remembering, and carrying out detailed instructions" could perform work with a reasoning level of two where the vocational expert testified her testimony was consistent with the DOT and the vocational expert advised of no conflict between the DOT and her testimony).

But here, unlike in *Ray* and *Northcraft*, the ALJ did *not* ask the vocational expert whether his testimony was consistent with the DOT. *See* AR 69-75. He did not ask the vocational expert about any conflict, presumably because neither he nor the vocational expert perceived one.

Because the court perceives a conflict between the vocational expert's testimony and the descriptions in the DOT, and because the ALJ did not confirm the vocational expert's testimony was consistent with the DOT, the court must reverse and remand. *See Haddock,* 196 F.3d at 1091; *see also Pollard v. Comm'r*, 2019 WL 1258831, at *4 (E.D. Okla. Mar. 19, 2019) (remanding for re-evaluation based on limitation to "simple instructions" where the identified jobs had a reasoning level of two, "which exceed[ed]the RFC limitation").

## IV. Conclusion.

Based on the above, the court reverses and remands the Commissioner's decision.

**ENTERED** this 17th day of September, 2019.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE